

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MATTHEW W. BOUTWELL, MARTY C. BREAZEALE,
DENNIS D. DONALD AND KELVIN P. NIXON                     PLAINTIFFS

V.                                          CIVIL ACTION NO.: 2:06CV269 KS-MTP

JONES COUNTY, MISSISSIPPI; THE JONES COUNTY SHERIFF'S OFFICE;
SHERIFF T. LARRY DYKES, in his official capacity as the Sheriff of Jones
County, and Individually; THE JONES COUNTY BOARD OF SUPERVISORS;
RANDALL KEITH PARKER, in his official capacity as a former agent of the
Southeast Mississippi Drug Task Force, and Individually; CHRISTOPHER DAVID
SMITH, in his official capacity as a former agent of the Southeast Mississippi
Drug Task Force, and Individually; ROGER WILLIAMS, in his official capacity as
a former agent of the Southeast Mississippi Drug Task Force, and Individually;
COVINGTON COUNTY, MISSISSIPPI; THE COVINGTON COUNTY SHERIFF'S
OFFICE; SHERIFF ROGER WOOD SPEED, in his official capacity as the Sheriff of
Covington County, and Individually; THE COVINGTON COUNTY BOARD OF
SUPERVISORS; JASPER COUNTY, MISSISSIPPI; THE JASPER COUNTY
SHERIFF'S OFFICE; SHERIFF KENNETH CROSS, in his official capacity as the
Sheriff of Jasper County, and Individually; THE JASPER COUNTY BOARD OF
SUPERVISORS; SMITH COUNTY, MISSISSIPPI; THE SMITH COUNTY SHERIFF'S
OFFICE; SHERIFF CHARLIE CRUMPTON, in his official capacity as the Sheriff of
Smith County, and Individually; THE SMITH COUNTY BOARD OF SUPERVISORS;
and JOHN DOES 1-16
                                                                    DEFENDANTS

ANSWER OF COVINGTON COUNTY, MISSISSIPPI
AND SHERIFF ROGER WOOD SPEED TO
<u>PLAINTIFFS' COMPLAINT</u>

Come now Covington County, Mississippi ("Covington County")[1], and Sheriff Roger Wood Speed, by and through counsel, and in response to Plaintiffs' Complaint would show unto the Court as follows:

---

[1] Plaintiffs incorrectly name as defendants the "Covington County Sheriff's Office" and the "Covington County Board of Supervisors." Neither of the aforementioned "defendants" are political subdivisions amenable to suit. To the contrary, the Covington County Sheriff's Office is merely an arm of the proper party defendant, Covington County, Mississippi. Similarly, the "Covington County Board of Supervisors" is merely a group of elected officials charged with overseeing County affairs and has no separate existence from Covington County, Mississippi.

1



## FIRST DEFENSE

The Complaint fails to state a cause of action upon which any relief can be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

## SECOND DEFENSE

The Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States.

## THIRD DEFENSE

Sheriff Speed is entitled to qualified immunity in this matter. More specifically, the Plaintiffs have failed to allege and/or establish a violation of a clearly established constitutional right and at all times Sheriff Speed's conduct was objectively reasonable under the circumstances.

## FOURTH DEFENSE

The Plaintiffs have failed to allege a policy, practice or custom of Covington County which would subject it to liability under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, answering defendants invoke the privileges and immunities of Miss. Code Ann. § 11-46-1, *et seq.*

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.



## SEVENTH DEFENSE

## PARTIES

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendants would respond to the allegations of Plaintiffs' Complaint paragraph by paragraph as follows:

1. Answering defendants, upon information and belief, admit the allegations of Paragraph 1 of Plaintiffs' Complaint.

2. Answering defendants, upon information and belief, admit the allegations of Paragraph 2 of Plaintiffs' Complaint.

3. Answering defendants, upon information and belief, admit the allegations of Paragraph 3 of Plaintiffs' Complaint.

4. Answering defendants, upon information and belief, admit the allegations of Paragraph 4 of Plaintiffs' Complaint.

5. Answering defendants admit that the Jones County Sheriff's Office is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Jones County Sheriff's Department has any separate legal existence from Jones County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 5 of Plaintiffs' Complaint.

6. Answering defendants admit that Jones County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Jones County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 6 of Plaintiffs' Complaint.



7. Answering defendants admit that the Covington County Sheriff's Office is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Covington County Sheriff's Department has any separate legal existence from Covington County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 7 of Plaintiffs' Complaint.

8. Answering defendants admit that Covington County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Covington County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 8 of Plaintiffs' Complaint.

9. Answering defendants admit that the Jasper County Sheriff's Office is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Jasper County Sheriff's Department has any separate legal existence from Jasper County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 9 of Plaintiffs' Complaint.

10. Answering defendants admit that Jasper County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Jasper County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 10 of Plaintiffs' Complaint.

11. Answering defendants, upon information and belief, admit the allegations of Paragraph 11 of Plaintiffs' Complaint.

12. Answering defendants, upon information and belief, admit the allegations of Paragraph 12 of Plaintiffs' Complaint.



13. Answering defendants, upon information and belief, admit the allegations of Paragraph 13 of Plaintiffs' Complaint.

14. Answering defendants admit that Larry Dykes is an adult resident citizen of Jones County, Mississippi, that he is currently Sheriff of Jones County, Mississippi and that he may be served with process by those methods outlined in Rule 4 of the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of Paragraph 14 of Plaintiffs' Complaint.

15. Answering defendants admit that Roger Wood Speed is an adult resident citizen of Covington County, Mississippi, that he is currently Sheriff of Covington County and that he may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of Paragraph 15 of Plaintiffs' Complaint.

16. Answering defendants admit that Kenneth Cross is an adult resident citizen of Jasper County, Mississippi, that he is currently Sheriff of Jasper County and that he may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of Paragraph 16 of Plaintiffs' Complaint.

17. Answering defendants lack information sufficient to make a determination as to whether or not Andy Dial is currently the president of the Jones County Board of Supervisors and, as such, deny the same. Answering defendants deny the remaining allegations of Paragraph 17 of Plaintiffs' Complaint.

18. Answering defendants lack information sufficient to make a determination as to whether or not Curtis Gray, Sr., is currently the president of the Jasper County Board of



Supervisors and, as such, deny the same. Answering defendants deny the remaining allegations of Paragraph 18 of Plaintiffs' Complaint.

19. Answering defendants admit that Marson Trigg is currently the president of the Covington County Board of Supervisors. Answering defendants deny the remaining allegations of Paragraph 19 of Plaintiffs' Complaint.

20. Answering defendants admit that the Smith County Sheriff's Office is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Smith County Sheriff's Department has any separate legal existence from Smith County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 20 of Plaintiffs' Complaint.

21. Answering defendants admit that Smith County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Smith County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 21 of Plaintiffs' Complaint.

22. Answering defendants admit that Charlie Crumpton is an adult resident citizen of Smith County, Mississippi, that he is currently Sheriff of Smith County, Mississippi and that he may be served with process by those methods outlined in Rule 4 of the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of Paragraph 22 of Plaintiffs' Complaint.

23. Answering defendants lack information sufficient to make a determination as to whether or not Wilson Hallman is currently the president of the Smith County Board of Supervisors and, as such, deny the same. Answering defendants deny the remaining allegations of Paragraph 23 of Plaintiffs' Complaint.



24. Answering defendants deny the allegations of Paragraph 24 of Plaintiffs' Complaint.

25. Answering defendants deny that the Covington County Sheriff's Office and the Covington County Board of Supervisors have any separate legal existence from Covington County, Mississippi. Answering defendants admit that Roger Wood Speed is currently the Sheriff of Covington County, Mississippi. The remaining allegations of Paragraph 25 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the remaining allegations of Paragraph 25 of Plaintiffs' Complaint.

## VENUE AND JURISDICTION

26. Answering defendants admit that this Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. §§ 1983, 1986, 1988 and 28 U.S.C. §§ 1331, 1343. Answering defendants deny the remaining allegations of Paragraph 26 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS:

### A. BOUTWELL

27-31. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraphs 27 through 31 of Plaintiffs' Complaint and, as such, deny the same.

### B. BREAZEALE

32-37. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraphs 32 through 37 of Plaintiffs' Complaint and, as such, deny the same.



## C. DONALD

38-41. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraphs 38 through 41 of Plaintiffs' Complaint and, as such, deny the same.

## D. NIXON

42-48. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraphs 42 through 48 of Plaintiffs' Complaint and, as such, deny the same.

49. Answering defendants deny the allegations of Paragraph 49 of Plaintiffs' Complaint.

50. Answering defendants deny the allegations of Paragraph 50 of Plaintiffs' Complaint.

51. Answering defendants deny the allegations of Paragraph 51 of Plaintiffs' Complaint.

52. Answering defendants deny the allegations of Paragraph 52 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

53. Answering defendants deny the allegations of Paragraph 53 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

## COUNT I – MISSISSIPPI TORT CLAIMS VIOLATIONS

54. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.



55. Answering defendants deny the allegations of Paragraph 55 of Plaintiffs' Complaint as those allegations pertain to answering defendants.

56. Answering defendants deny the allegations of Paragraph 56 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

## COUNT II – INADEQUATE TRAINING, HIRING & SUPERVISION

57. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

58. Answering defendants deny the allegations of Paragraph 58 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

59. Answering defendants deny the allegations of Paragraph 59 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

60. Answering defendants deny the allegations of Paragraph 60 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

## COUNT III – 42 U.S.C. § 1983

61. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

62. Answering defendants deny the allegations of Paragraph 62 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

63. Answering defendants deny the allegations of Paragraph 63, including subparagraphs (A) through (E) of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.



64. Answering defendants deny the allegations of Paragraph 64 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

65. Answering defendants deny the allegations of Paragraph 65 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

## COUNT IV – ASSAULT AND BATTERY

66. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

67. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraph 67 of Plaintiffs' Complaint and, as such, deny the same.

68. Answering defendants deny the allegations of Paragraph 68 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

## COUNT V – FALSE ARREST AND ILLEGAL IMPRISONMENT

69. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

70. Answering defendants deny the allegations of Paragraph 70 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

71. Answering defendants deny the allegations of Paragraph 71 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.



## COUNT VI – 42 U.S.C. § 1983

72. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

73-78. The allegations of Paragraphs 73 through 78 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of Paragraphs 73 through 78 of Plaintiffs' Complaint.

## COUNT VII – INFLICTION OF EMOTIONAL DISTRESS

79. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

80. Answering defendants deny the allegations of Paragraph 80 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

81. Answering defendants deny the allegations of Paragraph 81 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

## COUNT VIII – NEGLIGENCE

82. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

83. Answering defendants deny the allegations of Paragraph 83 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.



84. Answering defendants deny the allegations of Paragraph 84 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

COUNT IX – PUNITIVE DAMAGES

85. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

86. Answering defendants deny the allegations of Paragraph 86 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

87. Answering defendants deny the allegations of Paragraph 87 of Plaintiffs' Complaint insofar as those allegations pertain to answering defendants.

88. The allegations of Paragraph 88 of Plaintiffs' Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of Paragraph 88 of Plaintiffs' Complaint.

As for the last unnumbered paragraph which commences "WHEREFORE, Plaintiffs MATTHEW W. BOUTWELL, MARTY C. BREAZEALE, DENNIS D. DONALD AND KELVIN P. NIXON respectfully pray…," answering defendants would deny each and every allegation contained therein including subparagraphs (a) through (e) and would affirmatively aver that the Plaintiffs are not entitled to any relief whatsoever from answering defendants.



### EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

### NINTH DEFENSE

Answering defendants allege that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

### TENTH DEFENSE

Answering defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

### ELEVENTH DEFENSE

Covington County avers that it cannot be guilty for the actions of employees and/or agents as 42 U.S.C. § 1983 does not provide for *respondeat superior* liability.

### TWELFTH DEFENSE

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:



(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

### THIRTEENTH DEFENSE

In regard to any state law claims, Sheriff Roger Wood Speed was acting within the scope and course of his employment and, therefore, cannot be sued and cannot be held liable in his individual capacity.



## FOURTEENTH DEFENSE

The Plaintiffs in this matter are misjoined.

## FIFTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendants, respectfully request that the same be dismissed and it be discharged with costs assessed against the Plaintiffs.

        Respectfully submitted,

        COVINGTON COUNTY, MISSISSIPPI and
        SHERIFF ROGER WOOD SPEED

        BY:    s/ William R. Allen
                     One of Their Attorneys

ROBERT O. ALLEN   (MSB #1525)
WILLIAM R. ALLEN (MSB #100541)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647



## CERTIFICATE

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for defendants, hereby certify that I have this day electronically filed the above and foregoing Answer of Covington County, Mississippi, and Sheriff Roger Wood Speed to Plaintiffs' Complaint via the ECF system which gave notice of such filing to the following counsel of record:

>Pamela L. Huddleston, Esq.
>Huddleston Law Firm
>P.O. Box 1194
>Laurel, MS 39441-1194
>Pamela@huddlestonlawfirm.com

This the 8th day of January, 2007.

>s/ William R. Allen
>OF COUNSEL