

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MATTHEW W. BOUTWELL, MARTY C. BREAZEALE,
DENNIS D. DONALD AND KELVIN P. NIXON                       PLAINTIFFS

V.                                   CIVIL ACTION NO.: 2:06CV269 KS-MTP

JONES COUNTY, MISSISSIPPI; THE JONES COUNTY SHERIFF'S OFFICE;
SHERIFF T. LARRY DYKES, in his official capacity as the Sheriff of Jones
County, and Individually; THE JONES COUNTY BOARD OF SUPERVISORS;
RANDALL KEITH PARKER, in his official capacity as a former agent of the
Southeast Mississippi Drug Task Force, and Individually; CHRISTOPHER DAVID
SMITH, in his official capacity as a former agent of the Southeast Mississippi
Drug Task Force, and Individually; ROGER WILLIAMS, in his official capacity as
a former agent of the Southeast Mississippi Drug Task Force, and Individually;
COVINGTON COUNTY, MISSISSIPPI; THE COVINGTON COUNTY SHERIFF'S
OFFICE; SHERIFF ROGER WOOD SPEED, in his official capacity as the Sheriff of
Covington County, and Individually; THE COVINGTON COUNTY BOARD OF
SUPERVISORS; JASPER COUNTY, MISSISSIPPI; THE JASPER COUNTY
SHERIFF'S OFFICE; SHERIFF KENNETH CROSS, in his official capacity as the
Sheriff of Jasper County, and Individually; THE JASPER COUNTY BOARD OF
SUPERVISORS; SMITH COUNTY, MISSISSIPPI; THE SMITH COUNTY SHERIFF'S
OFFICE; SHERIFF CHARLIE CRUMPTON, in his official capacity as the Sheriff of
Smith County, and Individually; THE SMITH COUNTY BOARD OF SUPERVISORS;
and JOHN DOES 1-16
                                                                                       DEFENDANTS

SHERIFF ROGER WOOD SPEED'S MEMORANDUM OF
AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
RULE 7(a) REPLY TO QUALIFIED IMMUNITY DEFENSE

Comes now, Sheriff Roger Wood Speed, by and through counsel, and files this Memorandum of Authorities in Support of Motion to Compel Rule 7(a) Reply to Qualified Immunity Defense as follows:

INTRODUCTION

On December 18, 2006, Plaintiffs filed a civil rights action pursuant to 42 U.S.C. § 1983 against, among others, Covington County Sheriff Roger Wood Speed. See, *CM/ECF*



*Doc. No. 1.* Plaintiffs' Complaint purports to assert causes of action against Sheriff Speed in both his "official" and "individual" capacity. *Id.*

On January 5, 2007, Sheriff Roger Wood Speed answered Plaintiffs' Complaint and specifically asserted qualified immunity as an affirmative defense. See, *CM/ECF Doc. No. 3.*

As explained hereinbelow, the Fifth Circuit has long applied a "heightened pleading standard" to claims asserted against public officials in their individual capacities under Section 1983. *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). Plaintiffs' Complaint is clearly deficient under this standard and, as such, this Court should compel Plaintiff to file a Fed. R. Civ. P. 7 Reply to Sheriff Speed's qualified immunity defense.

FACTUAL BACKGROUND

The Complaint in this matter was filed by four individuals and each individual's claims arise out of a separate incident with certain of the defendants. All four Plaintiffs contend that they suffered a deprivation of their Fourth and Fourteenth Amendment rights. Set forth below is a brief summary of each Plaintiff's allegations.

A.  Boutwell

Plaintiff Matthew Boutwell contends that on November 2, 2005, at approximately 9:00 p.m., while traveling on Highway 84, he was pulled over by defendant Randall Parker. *Complaint,* ¶ 27. Plaintiff asserts that defendant Chris Smith subsequently arrived on the scene, handcuffed him and then utilized his taser to shock Boutwell in the side approximately five times. *Id.* Boutwell further contends that he was incarcerated in the Jones County Jail from November 2, 2005, through March 28, 2006, and while so incarcerated, he was injected with an unknown substance that he was told was "dog hormones." *Id.* at 29. Significantly, Boutwell does not allege that Sheriff Speed was aware



of this incident, physically present at the scene and/or in any way involved in either incident .

B.	Breazeale

Plaintiff Marty Breazeale contends that after being charged in June, 2005, with possession of drug paraphernalia and driving under the influence, he was contacted by defendant Christ Smith about "working" with the Southeast Mississippi Narcotics Drug Task Force. *Id.* at 32. Breazeale contends that he was told to meet Smith at a predetermined location but that Smith was not there when he arrived so he departed for his house. *Id.* at 33. Breazeale asserts that after arriving at his own residence, while still in his automobile, defendant Smith came to his residence, forcibly extricated him from his vehicle and beat him in the face and chest. *Id.* at 34. Breazeale asserts that he was then taken to the Jones County Jail where Smith again beat him. Significantly, Breazeale does not allege that Sheriff Speed was aware of this incident, physically present at the scene and/or in any way involved in the incident.

C.	Donald

Plaintiff Dennis Donald contends that on December 2, 2005, he was pulled over by defendant Randall Parker. *Id.* at 38. Donald states that defendant Chris Smith subsequently arrived and pulled him from his vehicle and "slammed" him onto the road. *Id.* at 38. Furthermore, Donald contends that Smith "stomped" on his head and ground his head into the road. *Id.* Donald states that he was handcuffed to the grill of Smith's automobile and then beaten with some object for at least two hours. *Id.* Donald asserts that defendants Roger Williams and Randall Parker each took a turn in beating him during this period.



Donald asserts that he was then incarcerated in the Jones County Jail and, after being released from the same, he retrieved his personal vehicle which he discovered had numerous bullet holes and the windows shot out. *Id.* at 40. Donald further contends that numerous items of personal property were missing from his vehicle. Significantly, Donald does not allege that Sheriff Speed was aware of this incident, physically present at the scene and/or in any way involved in the incident.

D. Nixon

Plaintiff Kelvin P. Nixon contends that on November 20, 2005, his home was searched by certain unknown "agents of the Southeast Mississippi Drug Task Force." *Id.* at 42. Nixon contends that during the search, his house and its contents suffered damage. Although Nixon was not arrested after this search, he alleges that on December 20, 2005, unnamed "agents of the Task Force and Sheriff's Office" returned to his home, handcuffed him and threw him into the door on the side of the patrol car where he was kicked. *Id.* at 45-46. Nixon further contends that his cell phone was seized during his "arrest" and that defendant Randall Parker sent text messages to people on the cell phone pretending to be Nixon. *Id.* at 47. Significantly, Nixon does not allege that Sheriff Speed was aware of this incident, physically present at the scene and/or in any way involved in either incident.

**ARGUMENT**

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including Section 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe,* 130



F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit," including discovery. *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986); See also, *McLendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002)(holding that qualified immunity intended to provide immunity not only from suit but pretrial matters such as discovery as well).

The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. See, *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); See also, Rule 16.1(B)(4), *Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi.* As explained hereinbelow, the Plaintiffs' Complaint is so deficient that the qualified immunity issue cannot be dealt with until this Court orders the Plaintiffs to file a Rule 7(a) Reply.

A. The "heightened pleading standard."

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere notice pleadings when a plaintiff asserts a Section 1983 claim against an officer in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985). More specifically, when a governmental official sued in his individual capacity raises a claim for qualified immunity, a plaintiff's complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995. See also, *Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on

5



more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff).

Although the Fifth Circuit previously required a plaintiff anticipate a qualified immunity defense or be subject to immediate dismissal, in *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1985), the Court altered this standard. Prior to *Schultea*, courts in the Fifth Circuit dismissed Section 1983 suits in which a plaintiff failed to anticipate a defendant's qualified immunity defense and plead facts sufficient to negate the same in his initial complaint. The *Schultea* Court, however, held that, ordinarily, a plaintiff's suit should not be dismissed simply due to a failure to anticipate a qualified immunity defense. To the contrary, plaintiffs should, ordinarily, be provided an opportunity to "engage the qualified immunity defense." *Schultea*, 47 F.3d at 1430. The vehicle which the *Schultea* Court suggested for fulfilling this "opportunity" is the Rule 7(a) Reply. *Id.* at 1433. Simply put, the *Schultea* Court held that when a defendant asserts the affirmative defense of qualified immunity in his answer and the plaintiffs' complaint does not address the same, the Court should order that the plaintiff reply to the immunity defense pursuant to Fed. R. Civ. P. 7(a). *Id.* at 1433. Significantly, the Court held that "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1343.

B.   Application to this case.

It is well settled that "individual liability under Section 1983 may not be predicated on the doctrine of *respondeat superior*," and that "[o]nly the direct acts or omissions of government officials…will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 534 (5th Cir. 1997)(emphasis added), citing *Doe v.*

6



*Taylor Indep. Sch. Dist.,* 15 F.3d 443, 452 (5th Cir. 1994). If an officer is directly involved in an alleged constitutional violation, the plaintiff must further provide evidence sufficient to establish that he has (1) suffered a violation of a clearly established right and that (2) the official's conduct was objectively unreasonable under the circumstances. See, *Anderson v. Creighton,* 483 U.S. 635, 640 (1987); *Mangieri v. Clifton,* 29 F.3d 1012 (5th Cir. 1994).

Plaintiffs' Complaint fails to provide a single allegation describing how Sheriff Roger Wood Speed participated in any alleged unconstitutional conduct. In fact, there is not a single allegation in the Complaint which specifically references Speed other than to identify him as a defendant. There is certainly no allegation that he was physically involved in any of the altercations or in any other way involved. Furthermore, even were the Plaintiffs to provide allegations of direct participation, the Plaintiffs have failed to provide any allegations that Speed's conduct was the moving force which caused Plaintiffs to suffer the deprivation of a clearly established constitutional right and that Speed's conduct was objectively unreasonable under the circumstances.

Due to Plaintiffs' complete lack of allegations as to Sheriff Speed's direct participation in any alleged unconstitutional conduct as well as Plaintiffs' failure to provide allegations negating Speed's qualified immunity defense, Plaintiffs' Complaint undoubtedly fails to meet the "heightened pleading standard" and necessitates that this Court order the Plaintiffs to file a Rule 7(a) Reply. Sheriff Speed would request that this Court order the Plaintiffs to provide specific factual allegations detailing how Sheriff Speed participated in any alleged unconstitutional conduct, how his alleged conduct resulted in the violation of a clearly established constitutional right and how he acted objectively unreasonable under the circumstances.



In light of the fact that the Plaintiffs should have had this information available upon filing their Complaint, Sheriff Speed requests that this Court allow ten (10) days for Plaintiffs to furnish this reply or risk dismissal.

WHEREFORE, PREMISES CONSIDERED, Sheriff Roger Wood Speed respectfully requests this Court order the Plaintiffs to file a Rule 7(a) Reply to his qualified immunity defense within ten (10) days or risk dismissal of their claims against him in his individual capacity.

                Respectfully submitted,

                SHERIFF ROGER WOOD SPEED

                BY:  s/ William R. Allen
                     One of His Attorneys

ROBERT O. ALLEN   (MSB #1525)
WILLIAM R. ALLEN (MSB #100541)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647



## CERTIFICATE

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for defendant Sheriff Roger Wood Speed, hereby certify that I have this day electronically filed the above and foregoing Memorandum of Authorities in Support of Motion to Compel Rule 7(a) Reply to Qualified Immunity Defense via the ECF system which gave notice of such filing to the following counsel of record:

> Pamela L. Huddleston, Esq.
> Huddleston Law Firm
> P.O. Box 1194
> Laurel, MS 39441-1194
> Pamela@huddlestonlawfirm.com

This the 8th day of January, 2007.

> s/ William R. Allen
> OF COUNSEL