IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MATTHEW W. BOUTWELL, MARTY C. BREAZEALE                    PLAINTIFFS
DENNIS D. DONALD, and KELVIN P. NIXON

VS                                        CAUSE NO. 2:06CV269KS-MTP

JONES COUNTY, MISSISSIPPI, ET AL                          DEFENDANTS

**DEFENDANTS, JASPER COUNTY, MISSISSIPPI; JASPER COUNTY SHERIFF'S
OFFICE; SHERIFF KENNETH CROSS AND JASPER COUNTY BOARD OF
SUPERVISORS' ANSWER AND DEFENSES TO THE PLAINTIFFS'
FIRST AMENDED COMPLAINT**

COME NOW the Defendants, Jasper County, Mississippi; Jasper County Sheriff's Office;

Sheriff Kenneth Cross and Jasper County Board of Supervisors ("Separate Defendants"), by and

through counsel, and file this their Answer and Defenses to the Plaintiffs' Complaint, as follows,

to-wit:

## FIRST DEFENSE

The Plaintiffs have failed to state a claim upon which relief can be granted and, therefore,

the Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

## PARTIES

1.          Plaintiff Matthew W. Boutwell (hereinafter referred to as "Boutwell") is an adult

            resident citizen of Jones County, Mississippi whose address is 766 Hwy 533, Laurel,

            MS 39443.

RESPONSE:   Admitted upon information and belief.

1

2.        Plaintiff Marty C. Breazeale (hereinafter referred to as "Breazeale") is an adult resident citizen of Jones County, Mississippi whose address is 1203 Holly Street, Ellisville, MS 39437.

RESPONSE:  Admitted upon information and belief.

3.        Plaintiff Dennis D. Donald (hereinafter referred to as "Donald") is an adult resident citizen of Jones County, Mississippi whose address is 149 Triangle Drive, Laurel, MS 39443.

RESPONSE:  Admitted upon information and belief.

4.        Plaintiff Kelvin P. Nixon (hereinafter referred to as "Nixon") is an adult resident citizen of Jones County, Mississippi whose address is 317 Red Hill Florence Road, Heidelberg, MS  39439.

RESPONSE:  Admitted upon information and belief.

5.        Defendant, Jones County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Jones County, MS and may be served with process through the Chancery Clerk of Jones County, Mississippi.

RESPONSE:  This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants.  Should any of these averments be construed against the Separate Defendants, then the same are denied.

6.        Defendant, Jones County, MS, is a governmental entity, and may be served with process through the Chancery Clerk of Jones County, Mississippi.

RESPONSE:  This paragraph contains averments as to other defendants in this litigation and

requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

7.  Defendant, Covington County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Covington County, MS and may be served with process through the Chancery Clerk of Covington County, Mississippi.

RESPONSE:  This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

8.  Defendant, Covington County, MS, is a governmental entity, and may be served with process through the Chancery Clerk of Covington County, Mississippi.

RESPONSE:  This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

9.  Defendant, Jasper County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Jasper County, MS and may be served with process through the Chancery Clerk of Jasper County, Mississippi.

RESPONSE:  Separate Defendants admit Jasper County Sheriff's Office is a law enforcement agency. All other averments in this paragraph are denied.

10.	Defendant, Jasper County, MS, is a governmental entity, and may be served with process through the Chancery Clerk of Jasper County, Mississippi.

RESPONSE:	This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

11.	Defendant, Randall Parker, upon information and belief, is an adult resident citizen of Jones County, MS and may be served with process at 205 S. Pine Street, Sandersville, MS 39477.

RESPONSE:	This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

12.	Defendant, Christopher David Smith, upon information and belief, is an adult resident citizen of Jones County, MS and may be served with process at his residence at 3089 Highway 11 North, Moselle, MS 39459.

RESPONSE:	This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

13.	Defendant, Roger Williams, upon information and belief, is an adult resident citizen of Jones County, MS and may be served with process at 205 Opal Drive,

Laurel, MS 39440.

RESPONSE:    This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

14.    Sheriff T. Larry Dykes is an adult resident citizen of Jones County, MS and may be served with process at the Jones County Sheriff's Office.

RESPONSE:    This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

15.    Sheriff Roger Speed Wood is an adult resident citizen of Covington County, MS and may be served with process at the Covington County Sheriff's Office.

RESPONSE:    This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

16.    Sheriff Kenneth Cross is an adult resident citizen of Jasper County, MS and may be served with process at the Jasper County Sheriff's Office.

RESPONSE:    Admitted.

17.    Defendant Jones County Board of Supervisors is a local governmental entity and may be served with process on its President, Andy Dial.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

18.    Defendant Jasper County Board of Supervisors is a local governmental entity and may be served with process on its President, Curtis Gray, Sr.

RESPONSE: Separate Defendants admit Curtis Gray, Sr. is the president of the Jasper County Board of Supervisors. All other averments in this paragraph are denied.

19.    Defendant Covington County Board of Supervisors is a local governmental entity and may be served with process on its President, Marson Trigg.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

20.    Defendant, Smith County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Smith County, MS and may be served with process through the Chancery Clerk of Smith County, Mississippi.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

21.    Defendant, Smith County, MS, is a governmental entity, and may be served with

process through the Chancery Clerk of Smith County, Mississippi.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

22. Defendant Charlie Crumpton is an adult resident citizen of Smith County, MS and may be served with process at the Smith County Sheriff's Office.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

23. Defendant Smith County Board of Supervisors is a local governmental entity and may be served with process on its President, Wilson Hallman.

RESPONSE: Denied.

24. Defendants John Does 1-10 are unknown individuals, and/or entities who are liable to Plaintiff for the tortuous acts described in this Complaint. The John Doe defendants also include any of Defendant's employees, agents, independent contractors and/or representatives who are liable to Plaintiff for tortuous acts described in this Complaint.

RESPONSE: Denied.

25. Hereinafter the following Defendants shall be referred to as "the governmental Defendants": Jones County, Ms, the Jones County Sheriff's Office, the Jones

County Board of Supervisors, Sheriff Larry Dykes, Jasper County, MS, the Jasper County Sheriff's Office, the Jasper County Board of Supervisors, Sheriff Kenneth Cross, Covington County, MS, the Covington County Sheriff's Office, the Covington County Board of Supervisors, Sheriff Roger Wood Speed, Smith County, MS, the Smith County Sheriff's Office, the Smith County Board of Supervisors, and Sheriff Charlie Crumpton.

RESPONSE: This paragraph appears not to need a response from the Separate Defendants. However, should any averment made in this paragraph be construed against the Separate Defendants, then they are denied. Separate Defendants would also state Jasper County Sheriff's Office and the Jasper County Board of Supervisors are not governmental entities and/or subdivisions for purposes of §1983 or Mississippi Tort Claims Act liability.

## VENUE AND JURISDICTION:

26. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, § 1986 and § 1988, and the 4th and 14th Amendments to the United States Constitution such that federal jurisdiction is appropriate. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. This Court has pendant jurisdiction to hear state law claims including but not limited to claims under the Mississippi Tort Claims Act. Plaintiffs have given proper notice to the governmental defendants pursuant to the Mississippi Tort Claims Act.

RESPONSE: Separate Defendants admit this Court has jurisdiction over this lawsuit and further admits notice was properly given under the Mississippi Tort Claims Act. All other

averments in this paragraph are denied.

**FACTUAL ALLEGATIONS:**

27.    On or about November 2, 2005, at approximately 9 p.m., Connie Pittman and Boutwell left Ms. Polly Coker's drug and alcohol program on Highway 28 outside Laurel, MS.  Connie Pittman was driving a rental car at the time, and Boutwell was sitting in the passengers seat.  Pittman and Boutwell stopped a the Chevron station on Hwy 84 W and Hwy 28 outside the city limits of Laurel, MS.  When Pittman and Boutwell pulled back onto Hwy 84 W, they were pulled over by then-Agent Randall Parker of the Southeast Mississippi Drug Task Force.  After asking Pittman for her license and proof of insurance, Parker asked Boutwell to step out of the car and proceeded to search him.  Parker found Boutwell's prescription Lortab and Xanax.  Parker then asked for Pittman's consent to search the vehicle.  Pittman would not give consent.  Parker then called for a K-9 unit. Stan Livingston of the Laurel Police Department arrived with his canine.  Jimmy Ray Sims and Chris Smith, both of the Southeast Mississippi Drug Task Force, also arrived on the scene by this time.  Chris Smith pulled Boutwell, who was handcuffed at that time, to the back of Parker's car and said that he had heard that Boutwell "was passing out their cards and saying he was working for them."  Smith then used his Taser to shock Boutwell in the side approximately five (5) times. Boutwell broke the side mirror on Parker's car trying to get away from Smith and his Taser.  Parker told Boutwell "he would learn to keep his medicine in the right bottle."  Parker then asked Boutwell if he knew Crystal Bunch.  Boutwell said he

9

did.

RESPONSE:    Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

28.         After Boutwell had been in jail for one week, Parker took him before Justice Court Judge Beech for a bond hearing. This is the first time Boutwell learned he was being charged with possession of methamphetamine. Boutwell fully denies having possessed said methamphetamine.

RESPONSE:    Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

29.         Approximately two weeks later, Boutwell recalls then-Commander Roger Williams, Randall Parker and Chris Smith coming into his cell at the jail. They had a large syringe with which they injected him some unknown substance. They said they were giving him "dog hormones" so he could fight better. One of them then said something to the effect that they had never seen anyone tolerate so much. Williams said to give him more, and Parker said that was all he brought.

RESPONSE:    Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

30.         Boutwell remained illegally incarcerated in the Jones County Jail from November 2, 2005 through March 28, 2006.

RESPONSE:    Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

31.         Boutwell has experienced burns, lacerations, physical pain and suffering, lost

wages, loss of liberty, and extreme emotional distress. The exact medical and
monetary extent of his injuries is unknown at this time.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this
paragraph and therefore must deny the same.

## B. BREAZEALE

32.     In June 2005, Marty Breazeale was charged with possession of paraphernalia and
driving under the influence by the Ellisville Police Department. The arresting
officer contacted then-Agent Chris Smith of the Southeast Mississippi Drug Task
Force to come and speak with Breazeale about "working" with the Task Force in
exchange for his charges being dropped. Breazeale agreed to this proposal.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this
paragraph and therefore must deny the same.

33.     Chris Smith advised Breazeale to meet him at a predetermined location to receive
his "buy money" and to be equipped with surveillance equipment. Chris Smith
was not present when Breazeale arrived, so Breazeale departed. Breazeale then
telephoned Chris Smith who advised him to return to the location, but Breazeale
was unable to do so because he did not have any gas.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this
paragraph and therefore must deny the same.

34.     Breazeale returned to his residence and was sitting in his car when Chris Smith
drove up. Chris Smith came to the window of Breazeale's vehicle and grabbed
Breazeale by the hair and forcibly extricated Breazeale from the car through the

window. Chris Smith then proceeded to beat Breazeale in the face and chest. Chris Smith then handcuffed Breazeale and transported Breazeale to the Jones County Adult Detention Center.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

35. When Smith and Breazeale arrived at the jail and pulled into the sally port, Chris Smith took Breazeale from his county car, and while Breazeale was still handcuffed, Chris Smith began beating Breazeale again about the head and upper torso to the point that Breazeale also began coughing up blood. Chris Smith advised Breazeale that it would be best if he (Breazeale) did not tell anyone what he (Smith) had done.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

36. A correctional officer by the name of Barbara and two (2) other correctional officers observed the incident. Barbara took pictures of Breazeale's injuries.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

37. Subsequently, Breazeale was transported to South Central Regional Medical Center for treatment of pain to his face and chest, coughing up blood, laceration(s), and peri-orbital contusion. Breaeale has experienced physical pain and suffering and emotional distress. The exact medical and monetary extent of his injuries is unknown at this time.

RESPONSE:   Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

## C. DONALD

38.       On or about December 2, 2005 Dennis D. Donald (hereinafter referred to as "Donald") was traveling between his home and Ellisville, MS on Will Hayes Road, when he was pulled over by Randall Parker of the Southeast Mississippi Drug Task Force.  Parker opened the passenger door of Donald's truck and asked "Where's the dope?"  By this time Chris Smith and Roger Williams had arrived.  Smith pulled Donald from his truck by the throat and forcibly slammed Donald's body on the paved road.  Smith then stomped on Donald's head and began grinding his head into the road.  All this time, Smith, Parker and Williams continued to ask Donald where the drugs were while searching Donald's person and truck for any drugs.  Smith handcuffed Donald to the grill of his county automobile.  While Donald was handcuffed to the grill, Williams removed an object from a bag in the truck of his car and proceeded to hit Donald in the calves with said object.  The force of the blow caused Donald's body to flip over.  During this incident which lasted at least two hours, the three former-agents took turns beating and kicking Donald.  On three different occasions during this incident, the former agents stripped Donald naked for extended periods of time exposing his body to the freezing cold December night.  At some point, Donald managed to crawl under Smith's car.  Smith pulled Donald out from under the car and asked "How do you like this ass beating?"  Donald remembers spitting on Smith's shoe before he lost

consciousness.

RESPONSE:    Separate Defendants have insufficient knowledge regarding the averments in this

paragraph and therefore must deny the same.

39.          Donald awoke in the back of a deputy car in route to the Jones County Jail where

he was charged with possession of a controlled substance, although no drugs were

confiscated from Donald or his truck during the incident on Will Hayes Road.

After Donald was booked at the jail, a male guard had to help him into a cell due

to the injuries he sustained during the brutal beating.  Donald spent approximately

eight weeks incarcerated in the Jones County Jail as a result of criminal charges

levied by the Southeast Mississippi Drug Task Force.

RESPONSE:    Separate Defendants have insufficient knowledge regarding the averments in this

paragraph and therefore must deny the same.

40.          Donald's truck was towed to impound at the Southeast Mississippi Drug Task

Force on Highway 84 west of Laurel, MS.  When Donald was finally able to

retrieve his truck, the front and back windows had been shot out and there were

numerous bullet holes in the cab of the truck.[1]  The wrecker driver advised Mr.

Donald that the truck was in that condition when he arrived on Will Hayes to

two the truck.  At the time of the incident, Donald had numerous items of

personal property in his truck, including a wheelbarrow, two Albu Garcia fishing

rods, a miter saw, two skill saws, a JVC stereo system with speakers and amps,

---

[1]Mr. Donald's spare tire was also shot.  A bullet was recovered from the tire.  One of the
law enforcement officials investigating the Task Force took custody of the bullet.

various other tools and implements, a d a CD collection. Donald drove by the impound yard and observed these items in his truck. However, when Donald was finally permitted to pick up his truck, said items were missing.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and footnote and therefore must deny the same.

41.     Donald has experienced physical pain and suffering, emotional distress, damage to personal property, loss of personal property and loss of his liberty as a result of the acts/omissions of agents of the Southeast Mississippi Drug Task Force. The exact monetary extent of his injuries is unknown at this time.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

## D. NIXON

42.     On or about November 20, 2005 agents of the Southeast Mississippi Drug Task Force came to Kelvin Paul Nixon's (hereinafter referred to as "Nixon") home without a search warrant and performed a "search" of same.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

43.     During the course of this "search" the agents "seized" and/or destroyed numerous items of property. The following items were "seized": an HP digital camera, a JVC camcorder, knives, Nixon's son's sword collection, cell phone, Nixon's wedding band, and numerous DVDs. The damage to the house and its contents was to the degree that it took two full days to straighten things up. During the "search" of

15

Nixon's home, the agents broke dishes, smashed televisions, broke children's toys, cut/ripped the living room and bedroom furniture, ripped up clothing, ripped a Queen size 400 thread count sateen bedding set, ripped the cushions of loveseat, broke a wooden potato box, broke a wooden jewelry box with glass door, broke the legs/wheels on dining room chairs, broke the legs on the dining table, broke the back screen door, damaged the front door, busted a garden statue, knocked pictures of the walls, threw clothing on the floor and stomped on it, damaged the wood flooring in the bedroom broke a bedside table, and spit chewing tobacco everywhere.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

44. Upon leaving Nixon's home, the agents left a large sticker on Nixon's front door which read "This property has been searched for illegal substances compliments of the Jones County Sheriff's Office." This sticker was large enough to be read from the road in front of Nixon's home.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

45. Nixon was not arrested in connection with this incident, but thereafter former-agent Randall Parker commenced calling and sending text messages to Nixon, threatening Nixon if he did not come to work" for the task force. Parker claimed that the agents had found drugs in Nixon's house during the "search" Nixon ignored Parker's threats.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

46.     On or about December 20, 2005, agents of the Task Force and Sheriff's Office returned to Nixon's home and claimed they had come to arrest him for the charges from November.  Nixon was immediately handcuffed.  While in handcuffs, Nixon was thrown into the door facing and into the side of patrol car and was kicked.  Nixon was charged with possession of methamphetamine while in possession of a firearm, and booked into the Jones County Jail.  He was released approximately twenty-four hours later on a $20,000 - $30,000 bond.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

47.     Parker "seized" Nixon's cell phone during this "arrest".  Parker would send text messages to people on Nixon's cell phone while pretending to be Nixon.  Following Nixon's arrest, Parker called Nixon and told him to come to the task force office and "get his stuff".  When Nixon retrieved his belongings, many items were missing or damaged.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

48.     Nixon has experienced physical pain and suffering, emotional distress, loss of personal property and loss of his liberty as a result of the acts/omissions of agents of the Southeast Mississippi Drug Task Force.  The exact monetary extent of his injuries if unknown at this time.

RESPONSE:   Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

49.        Defendants Williams, Parker and Smith performed all of the acts and omissions complained of herein while in the course and scope of their employment as agents of the Southeast Mississippi Drug Task Force, a multi-jurisdictional narcotics task force serving Jones, Jasper, Covington and Smith counties.

RESPONSE:   Denied.

50.        The governmental Defendants are liable for the torts and wrongful conduct of their agents and employees.

RESPONSE:   Denied.

51.        The governmental Defendants are also being sued due to their prior knowledge of Defendants Williams, Parker and Smith's predispositions and histories of misconduct.  The governmental Defendants are also being sued for their refusal and failure to discipline and/or terminate Defendants Williams, Parker and Smith on previous occasions when Williams, Parker and Smith's predispositions were known or should have been known to the governmental Defendants.  The governmental Defendants are also being sued for their failure to adopt and maintain such policies, practices and procedures in connection with their responsibilities of overseeing the Southeast Mississippi Drug Task Force as would have prevented the injuries sustained by Plaintiffs.

RESPONSE:   Denied.

52.        At all times material to this Complaint, Defendants Williams, Parker and Smith

acted under color of law and the statutes, customs, rules and procedures of the Southeast Mississippi Drug Task Force and pursuant to customs, practices, and policies implemented and/or ratified by the governmental Defendants.

RESPONSE: Denied.

53.     By reason of Defendants' conduct, acts and omissions, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, by inter alia, a) subjecting Plaintiffs to unreasonable searches and seizures, b) depriving Plaintiffs of constitutionally protected rights, c) engaging in conduct of abuse of power and authority which shocks the conscience, and d) other such condudct as may be revealed through discovery.

RESPONSE: Denied.

## COUNT 1, - MISSISSIPPI TORT CLAIMS VIOLATIONS

54.     Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

RESPONSE: Separate Defendants incorporate all defenses contained in the above paragraphs as if fully re-stated herein.

55.     Defendants are liable to Plaintiffs for their acts and omissions under the Mississippi Tort Claims Act.

RESPONSE: Denied.

56.     As a direct and proximate result said acts and omissions, Plaintiffs suffered and will continue to suffer injuries, and emotional pain and suffering, for which Defendants are liable.

RESPONSE:     Denied.

## COUNT II. - INADEQUATE TRAINING, HIRING, & SUPERVISION

57.          Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

RESPONSE:     Separate Defendants incorporate all defenses contained in the above paragraphs as if fully re-stated herein.

58.          The governmental Defendants have, at all times pertinent hereto, been responsible for supervising and disciplining employees of the Southeast Mississippi Drug Task Force.

RESPONSE:     Denied.

59.          The governmental Defendants knowingly, recklessly, and with gross negligence, failed to adopt and carry out adequate and responsible policies necessary to instruct, supervise, control and discipline on a continuing basis Defendants Williams, Parker and Smith in their duties to refrain from depriving Plaintiffs of their constitutional and statutory rights, privileges, and immunities.  Had the governmental Defendants properly discharged their duties, Defendants Williams, Parker and Smith would not have been hired, retained, or inadequately trained and supervised by the governmental Defendants, and they (Williams, Parker and Smith) would not have been able to injure Plaintiffs.

RESPONSE:     Denied.

60.          As a direct and proximate result of the breach of said duties, Plaintiffs suffered and will continue to suffer injuries, and emotional pain and suffering for which Defendants are liable.

RESPONSE: Denied.

## COUNT III. - 42 U.S.C. § 1983

61.        Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

RESPONSE: Separate Defendants incorporate all defenses contained in the above paragraphs as if fully re-stated herein.

62.        The use of improper law enforcement procedures and the acts by Defendants Williams, Parker and Smith violated the rights of Plaintiffs under the Fourth, and Fourteenth Amendments to the United States Constitution and constitutes violations of 42 U.S.C. § 1983. The actions of Defendants against Plaintiff were made under the color of state law by Defendant Williams, Parker and Smith acting within the course and scope of their employment as agents of the Southeast Mississippi Drug Task Force.

RESPONSE: This paragraph appears not to need a response from the Separate Defendants. However, should any averment made in this paragraph be construed against the Separate Defendants, then they are denied.

63.        The violation of Plaintiffs' constitutional rights was caused by implementation of customs, policies, and official acts of the governmental Defendants which reflected deliberate indifference on the part of the governmental Defendants to the constitutional rights of the Plaintiffs. Such customs, policies and official acts included, but are not limited to, the following:

(A) Defendants, their agents and employees, deliberately chose a training program, if any, which was so grossly inadequate that officer misconduct was inevitable and

which lead to repeated violations of the constitutional rights of the public with whom the agents come into conduct;

(B) Agents employed by Defendants, including Williams, Parker and Smith, in performing law enforcement duties, so often violate the constitutional rights of individuals that the need for further training, control and supervision is and has been plainly obvious to the governmental Defendants, who nonetheless are and have been deliberately indifferent to such need and whose lack of concern about the resulting constitutional violations tacitly authorize, encourage and foster the unconstitutional conduct;

(C) Defendants through their agents and employees, were on notice of prior misbehavior by its officers, including Defendants Williams, Parker and Smith, yet failed to take remedial or disciplinary steps, thereby manifesting deliberate indifference to the offensive acts and to the constitutional rights of the public, including Plaintiffs;

(D) Retaining Defendants Williams, Parker and Smith despite their misconduct;

(E) Such other customs, policies, or official acts which will be learned and proven through discovery;

RESPONSE:   Denied.  Including sub-parts a-e.

64.        Defendants manifested deliberate indifference to the rights of individuals such as Plaintiffs by failing to take action to correct constitutionally violative conduct by law enforcement officers, of which they were aware, including Defendants Williams, Parker and Smith.

RESPONSE: Denied.

65.     As a direct and proximate result of the unconstitutional acts of Defendants,

Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are

entitled to recover damages.

RESPONSE: Denied.

## COUNT IV.  ASSAULT AND BATTERY

66.     Plaintiffs incorporate the above-referenced paragraphs is if fully set forth herein.

RESPONSE: Separate Defendants incorporate all defenses contained in the above paragraphs as

if fully re-stated herein.

67.     Defendants Williams, Parker, and Smith assaulted and battered Plaintiffs.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this

paragraph and therefore must deny the same.

68.     As a direct and proximate result of the unconstitutional acts of Defendants.

Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are

entitled to recover damages.

RESPONSE: Denied.

## COUNT V.  FALSE ARREST AND ILLEGAL IMPRISONMENT

69.     Plaintiffs incorporate the above-referenced paragraphs as if fully set forth herein.

RESPONSE: Separate Defendants incorporate all defenses contained in the above paragraphs as

if fully re-stated herein.

70.     Defendants Williams, Parker, Smith and others illegally arrested and illegally

imprisoned Plaintiffs.

RESPONSE: Separate Defendants have insufficient knowledge regarding the averments in this paragraph and therefore must deny the same.

71. As a direct and proximate result of the unconstitutional acts of Defendants, Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are entitled to recover damages.

RESPONSE: Denied.

## COUNTS VI. 42 U.S.C. § 1983

72. Plaintiffs incorporate the above-referenced paragraphs as if fully set forth herein.

RESPONSE: Separate Defendants incorporate all defenses contained in the above paragraphs as if fully re-stated herein.

73. Prior to June 2005 Jones County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Jones County, MS, which caused the violations of Plaintiffs' civil rights.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

74. It was the policy and/or custom of Jones County to inadequately and improperly investigate citizen complaints of officer misconduct, and acts of misconduct were instead tolerated by Jones County.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these

averments be construed against the Separate Defendants, then the same are denied.

75.      It was the policy and/or custom of Jones County to inadequately supervise and train officers, including the defendant officers, thereby failing to adequately discourage further constitutional violation on the part of its officers. Jones County did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

RESPONSE:    This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

76.      As a result of the above-described policies and customs, officers of Jones County, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

RESPONSE:    This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

77.      The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Jones County to the constitutional rights of people within Jones County, and were the cause of the violations of Plaintiffs' rights

alleged herein.

RESPONSE: This paragraph contains averments as to other defendants in this litigation and requires no response from the Separate Defendants. Should any of these averments be construed against the Separate Defendants, then the same are denied.

78. As a direct and proximate result of the unconstitutional acts of Defendants, Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are entitled to recover damages.

RESPONSE: Denied.

## COUNT VII. - INFLICTION OF EMOTIONAL DISTRESS

79. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

RESPONSE: Separate Defendants incorporate all defenses contained in the above paragraphs as if fully re-stated herein.

80. Defendants acts and omissions as described herein have caused Plaintiffs to suffer from extreme emotional distress.

RESPONSE: Denied.

81. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs suffered injuries for which Plaintiffs are entitled to recover damages from Defendants.

RESPONSE: Denied.

## COUNT VIII. NEGLIGENCE

82. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

RESPONSE:    Separate Defendants incorporate all defenses contained in the above paragraphs as if fully re-stated herein.

83.          Defendants acts and omissions as described herein are a result of negligence on the part of the Defendants under 42 U.S.C. § 1986 and state law.

RESPONSE:    Denied.

84.          As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs suffered injuries for which Plaintiffs are entitled to recover damages from Defendants.

RESPONSE:    Denied.

## COUNT IX. - PUNITIVE DAMAGES

85.          Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

RESPONSE:    Separate Defendants incorporate all defenses contained in the above paragraphs as if fully re-stated herein.

86.          Defendants' actions as described herein warrant the imposition of punitive damages, these being willful misconduct, malice, wantonness, oppression, and a conscious and deliberate indifference to consequences.

RESPONSE:    Denied.

87.          Plaintiffs are entitled to recover punitive damages from Defendants in an amount to be determined at trial.

RESPONSE:    Denied.

88.          The Plaintiffs hereby demand a jury trial.

RESPONSE:    Denied.

**WHEREFORE,** Plaintiffs MATTHEW W. BOUTWELL, MARTY C. BREAZEALE, DENNIS D. DONALD, and KELVIN P. NIXON respectfully pray for the following relief jointly and severally from defendants:

a.  For actual damages including but not limited to, past and future medical expenses, past and future pain, suffering and mental anguish, past and future loss of enjoyment of life;

b.  For prejudgment and post-judgment interest on Plaintiffs' damages;

c.  For attorney's fees, expenses and costs;

d.  For punitive damages; and

e.  For other such relief as this Court deems appropriate.

RESPONSE:   Denied, including sub-parts a-e.  Separate Defendants would state the Plaintiffs are not entitled to any relief whatsoever and would affirmatively state the Separate Defendants are entitled to a judgment in their favor as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

Insofar as state law claims are alleged, Separate Defendants invoke the Sovereign Immunity provisions of Mississippi Code Annotated §11-46-3 of 1972.

## SECOND AFFIRMATIVE DEFENSE

The Separate Defendants exercised due care with respect to their dealings with the Plaintiffs.  At no time did the Separate Defendants act with reckless disregard in their dealing with the Plaintiffs.  Thus, the Separate Defendants were and are free of any actionable conduct in the premises.

## THIRD AFFIRMATIVE DEFENSE

Kenneth Cross did not participate in any of the actions alleged in the Complaint. Therefore he is entitled to qualified immunity in his personal capacity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against the Separate Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered a right deprivation protected by the United States Constitution for which the Separate Defendants or their policies and customs are responsible, therefore Plaintiffs cannot recover under 42 U.S.C. §§1983 or 1988.

## SIXTH AFFIRMATIVE DEFENSE

The alleged deprivations of Plaintiff's constitutional rights did not occur through, nor were they caused by, an established policy or custom of the Separate Defendants. Therefore, Separate Defendants can not be held liable for damages pursuant to 42 U.S.C. § 1983.

## SEVENTH AFFIRMATIVE DEFENSE

Kenneth Cross, in his individual capacity, is entitled to qualified immunity from Plaintiff's claims in that his conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

## EIGHTH AFFIRMATIVE DEFENSE

Separate Defendants cannot be held liable under the theory of *respondeat superior* under 42 USC §1983.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred under the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

While denying Plaintiffs are entitled to punitive damages, Separate Defendants affirmatively plead:

1.    Plaintiffs are not entitled to recover punitive damages because no legislation has been enacted placing any limit on the amount of such damages which may be awarded.

2.    Plaintiffs are not entitled to recover punitive damages because the criteria used for determining whether and in what amount punitive damages may be awarded are vague and inconsistent, and thus violate the due process provisions of the Constitution of Mississippi of 1890 and the Constitution of the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

Separate Defendants invoke the provisions of Miss. Code Ann. §85-5-7.

## TWELFTH AFFIRMATIVE DEFENSE

The sole, proximate and/or intervening causes of the Plaintiff's alleged damages were the negligence, actions or inactions of persons or entities over which none of the Separate Defendants had control or liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Kenneth Cross is a public official performing discretionary acts and is therefore immune from any liability in the premises.

## FOURTEENTH AFFIRMATIVE DEFENSE

Jasper County Sheriff's Office and Jasper County Board of Supervisors are not a "political

subdivision" and are therefore not a proper party and should be dismissed with prejudice.

## FIFTEENTH AFFIRMATIVE DEFENSE

Separate Defendants reserve the right to plead any or all defenses and/or affirmative defenses which later arise through the course of litigation.

RESPECTFULLY SUBMITTED, this the 6th day of February, 2007.

JASPER COUNTY, MISSISSIPPI
JASPER COUNTY SHERIFF'S OFFICE
SHERIFF KENNETH CROSS
JASPER COUNTY BOARD OF
SUPERVISORS

BY:     S/ Andrew G. McCullough
        H. WESLEY WILLIAMS, III
        ANDREW G. MCCULLOUGH

H. WESLEY WILLIAMS, III - MSB# 9320
ANDREW G. MCCULLOUGH- MSB# 100424
MARKOW WALKER, P.A.
Post Office Box 13669
Jackson, Mississippi 39236-3669
Telephone: (601) 853-1911
Facsimile: (601) 853-8284
E-mail: wwilliams@markowwalker.com
        amccullough@markowwalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 6th, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Pamela Lynn Huddleston, Esq.
THE HUDDLESTON LAW FIRM
*Counsel for Plaintiff*

Marcus D. Evans, Esq.
MARCUS D. EVANS, PLLC
*Counsel for Christopher David Smith*

Grover Clark Monreo, II, Esq.
DUNBAR MONROE, PLLC
*Counsel for Roger Williams*

Robert O. Allen, Esq.
William Robert Allen, Esq.
ALLEN, ALLEN, BREELAND & ALLEN, PLLC
*Counsel for Sheriff Roger Wood Speed and Covington County, Mississippi*

J.L. Wilson, IV, Esq.
UPSHAW, WILLIAMS, BIGGERS, BECKHAM & RIDDICK, LLP
*Counsel for Smith County, Mississippi; Smith County Sheriff's Office; Sheriff Charlie Crumpton and Smith County Board of Supervisors*

John B. Clark, Esq.
William Bienville Skipper, Esq.
DANIEL, COKER, HORTON & BELL
*Counsel for Jones County, Mississippi; Jones County Sheriff's Office; T. Larry Dykes and Jones County Board of Supervisors*

This the 6th day of February, 2007.

S/ Andrew G. McCullough
H. WESLEY WILLIAMS, III
ANDREW G. MCCULLOUGH