IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MATTHEW W. BOUTWELL, MARTY C.
BREAZEALE, DENNIS D. DONALD, and
KELVIN P. NIXON                                              PLAINTIFFS

VERSUS                           CIVIL ACTION NO. 2:06cv269KS-MTP

JONES COUNTY, MISSISSIPPI; THE JONES
COUNTY SHERIFF'S OFFICE; SHERIFF T.
LARRY DYKES, in his official capacity as the
Sheriff of Jones County, and Individually; THE
JONES COUNTY BOARD OF SUPERVISORS;
RANDALL KEITH PARKER in his official
Capacity as a former agent of the Southeast
Mississippi Drug Task Force and individually;
CHRISTOPHER DAVID SMITH in his official
capacity as a former agent of the Southeast
Mississippi Drug Task Force and individually;
ROGER WILLIAMS in his official capacity
as a former agent of the Southeast Mississippi
Drug Task Force and individually; COVINGTON
COUNTY, MISSISSIPPI; THE COVINGTON
COUNTYSHERIFF'S OFFICE; SHERIFF ROGER
WOOD SPEED in his official capacity as the
Sheriff of Covington County, and individually; THE
COVINGTON COUNTY BOARD OF SUPERVISORS;
JASPER COUNTY, MISSISSIPPI; THE JASPER
COUNTY SHERIFF'S OFFICE; SHERIFF
KENNETH CROSS in his official capacity as the
Sheriff of Jasper County, and individually; THE
JASPER COUNTY BOARD OF SUPERVISORS;
SMITH COUNTY, MISSISSIPPI; THE SMITH
COUNTY SHERIFF'S OFFICE; SHERIFF
CHARLIE CRUMPTON, in his official capacity
as the Sheriff of Smith County, and individually;
THE SMITH COUNTY BOARD OF SUPERVISORS;
and JOHN DOES 1-15                                           DEFENDANTS

## SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CHRISTOPHER DAVID SMITH

1

COMES NOW, Christopher David Smith (hereinafter "Defendant" and/or "Smith"), by and through undersigned counsel, and makes this his Answer and Affirmative Defenses in the above-styled and numbered cause as follows, to wit:

FIRST DEFENSE

The Complaint of the Plaintiffs fails to state a claim against the Defendant for which relief can be granted, and the Defendant therefore moves that said Complaint be fully and finally dismissed with prejudice, with all costs thereof to be assessed to the Plaintiffs.

SECOND DEFENSE

The Defendant pleads all applicable statutes of limitation.

THIRD DEFENSE

Now COMES the Defendant, and responds to the Complaint, paragraph by paragraph, as follows:

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore deny same.

2. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore deny same.

3. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore deny same.

4. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore deny same.

5. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore deny same.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore deny same.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore deny same.

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore deny same.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore deny same.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore deny same.

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore deny same.

12. Defendant admits that he is an adult resident citizen of Jones County, Mississippi. All other allegations contained in Paragraph 12 are denied.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore deny same.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore deny same.

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore deny same.

16. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore deny same.

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore deny same.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore deny same.

19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore deny same.

20. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint, and therefore deny same.

21. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint, and therefore deny same.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint, and therefore deny same.

23. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint, and therefore deny same.

24. It is the Defendant's position that the statements made in Paragraph 24 does not require a response from the Defendant. However, if the Court deems a response is needed for the statements made in Paragraph 24, Defendant denies same.

25. It is the Defendant's position that the statements made in Paragraph 25 does not require a response from the Defendant. However, if the Court deems a response is needed for the statements made in Paragraph 25, Defendant denies same.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies committing any torts or actionable claims against the Plaintiffs. However, at all times concerning the allegations made by the Plaintiffs in their Complaint, Defendant was acting within the course and scope of his employment as an agent for the Southeast Mississippi Drug Task Force. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies committing any torts or wrongful conduct. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant admits that he was employed by, and acted pursuant to the statutes, customs, rules and procedures of the Southeast Mississippi Drug Task Force. All other allegations contained in Paragraph 52 of the Complaint are denied.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant admits that he was an employee of the Southeast Mississippi Drug Task Force and was under the supervision and control of same. All other allegations contained in Paragraph 58 of the Complaint are denied.

59. As the allegations pertain to the abovementioned Defendant, Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63, including the allegations made in subparagraphs 63(a) through (e).

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

76. Defendant denies the allegations of Paragraph 76 of the Complaint.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant denies the allegations of Paragraph 81 of the Complaint.

82. Defendant denies the allegations of Paragraph 82 of the Complaint.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Defendant denies the allegations of Paragraph 84 of the Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in the Paragraph of the Plaintiffs' Complaint which begins with "WHEREFORE, Plaintiffs", including subparagraphs (a) through (e).

Defendant denies that Plaintiffs are entitled to a judgment against him or that these Plaintiffs are entitled to any relief whatsoever against him.

## FOURTH DEFENSE

Defendant specifically denies that Plaintiffs are entitled to damages in the premises. In the alternative, Defendant would show that to the extent that it is proven that Plaintiffs have suffered damages, then such damages, if any, were the result of the actions or inactions of parties other than the Defendant, for which the Defendant is not liable either directly or vicariously.

## FIFTH DEFENSE

Although it is specifically denied that Defendant was negligent or liable in any manner which caused or contributed to the Plaintiffs' injuries and damages, if any, in the alternative, Defendant would demand application of Mississippi Code Annotated Section 85-5-7, et seq., as amended.

## SIXTH DEFENSE

While it is specifically denied that the Defendant was negligent or caused or committed to the injuries and/or damages of the Plaintiffs, if any, in the alternative, Defendant would show that the sole proximate cause, or in the alternative, a proximate contributing cause of the incident in question and the Plaintiffs' damages, if any, were the acts and/or the omissions of the Plaintiffs.

### SEVENTH DEFENSE

Defendant denies each and every allegation of Plaintiffs' Complaint not otherwise responded to herein.

### EIGHTH DEFENSE

That certain proper and necessary parties have not been joined herein as required by Rule 19 of the Mississippi Rules of Civil Procedure.

### NINTH DEFENSE

That this action should be dismissed, or in the alternative abated, until such time as the necessary and proper parties are joined herein pursuant to Rule 19 of the Mississippi Rules of Civil Procedure.

### TENTH DEFENSE

That the Plaintiffs are guilty of actions or inactions which constitute contributory negligence and which caused or proximately contributed to their resulting injuries, if any.

### ELEVENTH DEFENSE

That the Plaintiffs freely, voluntarily and knowingly placed themselves in a position of danger, assumed all risks incident thereto, and that such acts on the part of the Plaintiffs were open and obvious, that the Plaintiffs actually knew that which they were doing and assumed all risks incident thereto, and are, therefore, not entitled to recover from the answering Defendant for any reason whatsoever. The answering Defendant specifically pleads the affirmative defense of assumption of risk.

### TWELVTH DEFENSE

That if the Plaintiffs sustained damages or injuries, as alleged, which is denied, then such injuries or damage resulted solely from the acts or omissions of persons other than the answering Defendant for which the answering Defendant is in no way responsible; and that

such acts or omissions on the part of others constitutes an independent intervening and the sole proximate cause of the injuries or damages.

### THIRTEENTH DEFENSE

Plaintiffs failed to mitigate their damages as required by law.

### FOURTEENTH DEFENSE

Defendant denies that Plaintiffs have properly joined their claims herein pursuant to Rule 20(a).

### FIFTEENTH DEFENSE

That if the Plaintiffs reach a settlement regarding any of the alleged injuries or damages with any person or entity who may be liable for all or a portion of the Plaintiffs' alleged injuries or damage, then Defendant is entitled to a credit and/or offset.

### SIXTEENTH DEFENSE

That some of the Plaintiffs' expenses and other damages resulting from the incident identified in the Complaint may have been paid by Defendant, on behalf of Defendant, or by other parties which are claimed to have been responsible for the Plaintiffs' damages; that the Plaintiffs have been fully compensated for any injury or damage incurred or caused by the incident described in the Complaint; that the answering Defendant would be entitled to an offset in the amount of all advance payments made against any judgment that may be rendered against it; and that the answering Defendant specifically pleads the affirmative defense of credit or payment.

### SEVENTEENTH DEFENSE

That the Complaint does not state a cause of action against this Defendant with respect to the asserted claim of punitive damages which is sufficient either in law or in equity whereby

and whereunder recovery may be had, and for said reason, the claim for punitive damages should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

### EIGHTEENTH DEFENSE

1.

That any award of punitive damages, as pleaded in Plaintiffs' Complaint, is unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

2.

That the award of punitive damages, as claimed by the Plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

(a) The procedures fail to provide means for awarding separate judgments against alleged tort feasors.

(b) The procedures fail to provide a limit on the amount of the award against these Defendants.

(c) The procedures fail to provide specific standards for the award of punitive damages.

(d) The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(e) The procedures fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(f) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(g) The standards of conduct upon which punitive damages are sought are vague.

3.

Defendant hereby adopt the affirmative defenses available to them pursuant to <u>State Farm Mutual Automobile Ins. Co. v. Campbell</u>, 123 S.Ct. 1513 (U.S. 2003).

<u>NINETEENTH DEFENSE</u>

Defendant pleads the application of and asserts the provisions of Miss. Code. Ann. § 11-1-65.

<u>TWENTIETH DEFENSE</u>

Defendant pleads the application of and asserts the defense of qualified immunity and *respondeat superior*.

THIS, the 20th day of March, 2007.

        Respectfully submitted,

        CHRISTOPHER SMITH

        Defendant

        By: /s/ Marcus D. Evans
            His Attorney

Marcus D. Evans, Bar No. 100536
MARCUS D. EVANS, PLLC
Attorney at Law
Trustmark Bank Building
415 N. Magnolia Street, Suite 349
Post Office Box 672
Laurel, Mississippi 39441
Telephone:     (601) 428-8600
Fax:              (601) 428-2235

## CERTIFICATE OF SERVICE

I, Marcus D. Evans, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading by electronic filing via the United States District Court, Southern District of Mississippi's web site.

This the 20th day of March, 2007.


/s/ Marcus D. Evans
MARCUS D. EVANS